## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **NOE LERMA** § | | |
| *Plaintiff,* § | | |
| § | | |
| **V.** § | | Civil Action No. 2:23-cv-253 |
| § | | |
| § | | |
| **STATE FARM MUTUAL AUTOMOBILE** § | | |
| **INSURANCE COMPANY** § | | |
| *Defendant.* § | | |

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

*Procedural Background*

1. On April 6, 2023, Plaintiff filed his Original Petition against Briana DeLeon and Cynthia De Leon.

2. On August 31, 2023, Plaintiff filed a Notice of Partial Nonsuit without Prejudice as to Briana DeLeon and Cynthia DeLeon.

3. On August 24, 2023, Plaintiff filed his First Amended Petition against diverse Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), styled Cause No. 2023-DCV-1210-E; Noe Lerma v. Briana Deleon and Cynthia Deleon; In the 148th Judicial District Court, Nueces County, Texas. The only Defendant in the suit is State Farm.

### *Nature of the Suit*

4. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on December 8, 2022. Plaintiff claims Briana failed to keep a proper lookout and caused her to crash with the rear of Plaintiff's vehicle and was negligent in her handling of her vehicle. Plaintiff seeks UIM benefits under a policy issued by Defendant State Farm Mutual Automobile Insurance Company. Plaintiff seeks actual damages including past and future pain, mental anguish, impairment, loss of income, and medical expenses. Plaintiff also asserts extra-contractual claims against State Farm.

### *Basis for Removal*

5. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on September 5, 2023, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. Defendant was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

7. Upon information and belief, Plaintiff is a citizen of Texas when he filed his Original Petition and continue to be a citizen of Texas.

8. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in his Original Petition for the recovery of damages of $250,000.00 or less and then they further plead that the amount in controversy in the matter does not exceed $75,000.00 but they did not include a binding

damage cap stipulation. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages." In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages." *Fairmont Travel, Inc. v. George S. May Int'l Co.*, et. al., 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination). Plaintiff seeks damages under theories including for breach of contract, the DTPA and the Texas Insurance Code and attorney's fees. (See generally Plaintiffs' Original Petition). Plaintiff have asserted a declaratory judgment act for uninsured/underinsured benefits. The uninsured/underinsured motorist ("UM/UIM") policy provides UM/UIM limits of $100,000.00 per person and $300,000.00 per accident. Plaintiff has also asserted extra-contractual allegations against State Farm and seek attorney fees for bringing this suit. Thus, given the plain language of the Policy involved in Plaintiff's claim, the nature of Plaintiff's claims, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00. This dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

### *The Removal is Procedurally Correct*

10. Plaintiff filed suit against Defendant State Farm in state court on August 24, 2023. Defendant was served on September 5, 2023. Defendant filed its answer in state court on September 27, 2023.

11. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm was served on September 5, 2023.

12. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this district.

13. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

14. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 148th Judicial District Court, Nueces County, Texas, promptly after Defendant State Farm files this Notice.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this action be removed from the 148th Judicial District Court, Nueces County, Texas to the United States District Court for Southern District of Texas, Corpus Christi Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP

By: *Margaret F. Brown*
Margaret Brown
State Bar No. 24092181
One Riverwalk Place

700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsímile)
mbrown@lstlaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Corpus Christi Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 5th day of October, 2023, addressed to those who do not receive notice from the Clerk of the Court.

Arthur Ried
DASPIT LAW FIRM
440 Louisiana Street, Suite 1400
Houston, Texas 77002
e-service@daspitlaw.com

Margaret Brown